UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSTY COAL BLACKWATER AND TRENT LANE BLACKWATER,<br><br>        Plaintiffs,<br><br> v.<br><br>THE SECRETARY OF THE INTERIOR, through its Acting Assistant Secretary; BUREAU OF INDIAN AFFAIRS, its officers, servants, agents, employees, representatives, and attorneys;<br><br>        Defendants. | 3:14-cv-00244-LRH-VPC<br><br>ORDER |

Before the Court is Defendants Secretary of the Interior and Bureau of Indian Affairs' (collectively "Defendants") Motion to Voluntarily Remand Matter to Secretary of the Interior. Doc. #4.[1] Plaintiffs Rusty Coal Blackwater and Trent Lane Blackwater (collectively "Plaintiffs") filed an Opposition (Doc. #7), to which Defendants Replied (Doc. #10).

I.    **Factual Background**

In 2004, Congress passed the Western Shoshone Claims Distribution Act ("the Act") to resolve the United States' failure to pay the Western Shoshone Nation ("Western Shoshone") amounts that the United States had promised pursuant to a 1863 treaty between the United States and Western Shoshone. Doc. #1 ¶¶9-10. Charged with adopting guidelines for what historical data would be used to determine whether individuals were entitled to compensation under the Act, the

---

[1] Refers to the Court's docket number.

Bureau of Indian Affairs ("BIA") determined that people with twenty-five percent Western Shoshone blood would be eligible for the distribution of funds. *Id.* ¶¶12-13. Plaintiffs submitted documentation to prove that they are twenty-five percent Western Shoshone, and on October 15, 2010, received notification from the BIA that they met the qualifications and would receive funds pursuant to the Act. *Id.* ¶¶14-15. In March of 2011, Plaintiffs each received partial payment in the amount of $22,013.00. *Id.* ¶16. Other individuals who were eligible under the Act received a second payment of $13,124.93, for a total $35,137.93. Doc. #4 at 4.

The BIA subsequently rejected Plaintiffs' claims to the payments on April 24, 2014, believing that their grandmother was a woman named Betty Davis and that they were not twenty-five percent Western Shoshone. Doc. #1 ¶17. Plaintiffs responded with additional documentation showing that their grandmother was Betty Ann Thomas Williams, along with her birth certificate confirming that Williams was the daughter of a "Full Blood Shoshone." *Id.* ¶¶18-19. The BIA maintained that evidence indicated that Plaintiffs' grandmother was Betty Davis, and that they were not eligible for the payments. *Id.* ¶¶20-21. In response, Plaintiffs filed additional documents describing their heritage and bloodline. *Id.* ¶¶24-25. When the BIA did not reinstate Plaintiffs' rights to the payments, Plaintiffs filed a formal request for reconsideration. *Id.* ¶28. On November 9, 2012, the Assistant Secretary for the Department of the Interior affirmed that Plaintiffs are not eligible for payments under the Act. *Id.* ¶29. Plaintiffs filed an appeal to the Interior Board of Indian Appeals, and the appeal was effectively denied on November 18, 2013. *Id.* ¶34.

Plaintiffs filed their Complaint on May 9, 2014, requesting that the Court declare that the BIA and Secretary of the Interior deprived Plaintiffs of due process by rejecting their claim for benefits under the Act, and that the decision was arbitrary and capricious. *Id.* at 10. On July 1, 2014, Defendants filed this Motion to Voluntarily Remand Matter to Secretary of the Interior, requesting that the agency itself have an opportunity to review its non-eligibility determination. Doc. #4 at 5.

///

## II. Legal Standard

This action is brought pursuant to the Administrative Procedures Act ("APA"). Under the APA, a reviewing court may set aside agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). "A federal agency may request remand in order to reconsider its initial action." *Cal. Cmtys. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012). "Generally, courts only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Id.* A federal court "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fl. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Rather, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* Remand is favored so that an agency "can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its discretion exceeds the leeway that the law provides." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002). In fact, remand is appropriate even "when it is clear that [a court] would be compelled to reverse the [agency's] decision" if the agency made a certain finding. *Id.* at 15.

## III. Discussion

Defendants request that the Court remand this matter "for agency reconsideration of the two plaintiffs' eligibility for inclusion on the Western Shoshone Judgment roll." Doc. #4 at 5. Plaintiffs argue that remand would only cause unnecessary delay, and that "the very absence of the record would be sufficient basis for the Court's determination of an arbitrary and capricious decision." Doc. #7 at 3-4. Plaintiffs add that Defendants' request for voluntary remand is in bad faith "[i]n light of the fact that Plaintiffs' ancestry wont change and the documents will be the same" upon Defendants' reconsideration. *Id.* at 7.

Plaintiffs have not shown that Defendants' request for voluntary remand was frivolous or in bad faith. Additionally, the type of evidence at issue, or the lack of new evidence, is not a primary

consideration for a court's determination of whether a defendant's motion for voluntary remand is frivolous or made in bad faith. *See Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (granting defendant's motion for voluntary remand because the defendant "recognized the merits of the petitioners' challenges and ha[d] been forthcoming in the[] proceedings"). Defendants' stated desire to reconsider the evidence "submitted by plaintiffs regarding their ancestry and tribal heritage" further belies Plaintiffs' arguments that Defendants' motion is frivolous or made in bad faith. *See* Doc. #10 at 2. The Ninth Circuit has acknowledged that "administrative agencies have an inherent authority to reconsider their own decision, since the power to decide in the first instance carries with it the power to reconsider." *Kelch v. Dir. Nev. Dep't of Prisons*, 10 F.3d 684, 687 (9th Cir. 1993) (quoting *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980)). Accordingly, the Court grants Defendants' motion for voluntary remand, noting that it will still have an opportunity to review the agency's final decision.[2]

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion for Voluntary Remand (Doc. #4) is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs request that the Court take judicial notice of a recent case from the United States District Court for the District of Nevada, wherein the court denied defendants' motion for voluntary remand as moot after reinstating a stipulation between the parties agreeing that the case should be remanded. Doc. #13-1 at 1, 4. The stipulation stated that on remand "each of the applicants shall be added to and included on the Western Shoshone Judgment roll." *Id.* at 1. Recognizing that judicial notice of a matter of public record like a court decision would be appropriate, *Lee v. City of L.A.*, 668, 688 (9th Cir. 2008), the Court does not believe that the proffered case necessarily supports Plaintiffs' desired result. In particular, the court's decision denying the motion for voluntary remand as moot was based primarily on the importance of reinstating the binding stipulation between the parties. Given that the present case does not include such a stipulation, the court's decision in *Direct Lineal Descendants* to deny the motion for remand as moot does not impact the present case.